# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSUE SALAZAR,

     **Plaintiff,**

-vs-              Case No. 6:09-cv-1934-Orl-31GJK

CITY OF PALM BAY, WILLIAM
BURGER, PALM BAY POLICE DEPT. and
FRANK WALTERS,

     **Defendants.**

## ORDER

  This matter comes before the Court on the Motion to Dismiss (Doc. 15) filed by Defendant William Burger ("Burger") and the response (Doc. 25) filed by the Plaintiff, Josue Salazar ("Salazar").

  According to the allegations of the Complaint (Doc. 1), which are accepted as true for purposes of resolving the instant motion, this case arises out of a traffic stop of Salazar by Defendant Frank Walters, an officer of the Palm Bay Police Department. At the time, Burger was the department's chief. After Salazar was issued a ticket for running a stop light, his vehicle was searched. After the search, he was charged with possession with intent to deliver drug paraphernalia, a violation of Fla. Stat. § 893.147(2)(a). (Doc. 1 at 2-3). In Count I, Salazar contends that Walters' actions violated 42 U.S.C. § 1983, in that there was no probable cause for his arrest. Count II is a false arrest/imprisonment claim based on same allegations. As to both counts, Burger is sued in his official capacity.

Individual-capacity suits seek to impose personal liability upon a government official for actions taken under color of state law, while official-capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Supreme Court has stated that there is no longer a need to bring official-capacity actions against local government officials, because local government units can be sued directly for damages and injunctive or declaratory relief. *Id*. at 166, n.14. The United States Court of Appeals for the Eleventh Circuit has upheld a district court's granting of a directed verdict for official-capacity defendants where the governmental entity remained in the suit. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (stating that "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury."). Because the real party in interest in Count I is the City of Palm Bay, Count I cannot stand as to Burger.

As to Count II, Florida Statute § 768.28(9)(a) provides in pertinent part that

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Salazar has not alleged in Count II that Burger acted in bad faith, or with malicious purpose, or anything else that might allow this claim to overcome the bar established by Fla. Stat.

§ 768.28(9)(a). Accordingly, Count II also cannot stand as to this defendant.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED**, and the claims against Defendant Burger are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 2, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party