**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSUE SALAZAR,**

          **Plaintiff,**

-vs-                                            **Case No. 6:09-cv-1934-Orl-31GJK**

**CITY OF PALM BAY and FRANK WALTERS,**

          **Defendants.**

_____

# ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 48) filed by Defendant Frank Walters ("Walters"), the response (Doc. 55) filed by the Plaintiff, Josue Salazar ("Salazar"), and the reply (Doc. 57) filed by Walters.

**I.     Background**

On May 22, 2006, Salazar was driving a pickup truck in the City of Palm Bay, Florida, accompanied by two other individuals. In the bed of the truck, open to public view, were various agricultural supplies and chemicals, including liquid fertilizer. Salazar was also carrying approximately $2,000 in cash. The vehicle was pulled over by Walters, a Palm Bay police officer, for allegedly running a red light.

Walters contends that he noticed the chemicals and fertilizer in the bed of the truck and, as a result, requested a K-9 unit, which "alerted" on the truck's cab. This led to a search of the cab, resulting in the discovery of a half-smoked marijuana cigarette in the ashtray next to where Salazar and one of the passengers had been sitting. Subsequently, Walters arrested Salazar and the two

passengers. Salazar was charged with felony possession of drug paraphernalia in violation of Fla. Stat. § 893.147(2) and with engaging in illegal financial transactions in violation of Fla. Stat. § 896.101.[1]  The charges were later dropped.

On November 11, 2009, Salazar filed the instant Section 1983 suit, alleging that Walters' actions violated his Fourth Amendment right to be free from illegal searches and seizures because Walters lacked probable cause to arrest him.  By way of the instant motion, Walters seeks summary judgment on the grounds that he did possess sufficient probable cause or, alternatively, that he is entitled to qualified immunity.

## II.     Analysis

The existence of probable cause at the time of an arrest constitutes an absolute bar to a Section 1983 action for false arrest.  *See, e.g.*, *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004).  "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."  *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir.1992).  "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'"  *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir.1996) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir.1990)).  Even in the absence of probable cause to make an arrest, the officer is still entitled to qualified immunity if he or she possessed arguable probable cause to make an arrest.  *See*, *e.g.*, *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).  "Arguable probable cause exists 'where reasonable officers in the same

---

[1] It appears from the record that Salazar was not charged with running a red light or possession of marijuana.

circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest.'" *Id.*(quoting *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir.2001)).

Counsel for Walters points to a number of items as providing probable cause (or arguable probable cause) to arrest Salazar:

● The pickup truck bed contained liquid fertilizers and equipment that are, according to Walters, commonly used to grow marijuana.

● Salazar was carrying approximately $2,000 in cash, which he at one point denied owning.

● A half-smoked marijuana cigarette was found in the truck's ashtray, near where Salazar had been seated.

● Salazar admitted owning a business called "Rolling Blunts[2] Enterprises, Inc."

● Some of the chemicals in the back of the truck had names that suggested an association with marijuana cultivation, such as "Sensi Grow" and Sensizym."[3]

● Salazar told Walters he was delivering the items in the truck bed to someone, but did not know who the person was or how to contact the person, even though Salazar had allegedly paid several thousand dollars for the items.

At least in theory, the information listed above could constitute probable cause (or arguable probable cause) to make an arrest. However it is not possible to tell how much of this information

---

[2] "Blunt" is a slang term for a type of marijuana cigarette.

[3] "Sinsemilla" is a potent variety of marijuana.

was within Walters's knowledge before he made the arrest. For the most part, Walters merely recites the facts (and alleged facts) listed above, without specifying how and when he came to know of them.

One of Salazar's passengers admitted that at least some of the fertilizer was labeled as such and in plain view in the back of the truck when the stop occurred, and Salazar does not appear to contest this. But it is not clear how much of the fertilizer was visible and whether the products with names like "Sensi Grow" were among those that could be seen by someone approaching the truck as Walters did. In the plaintiff's telling, the other information Walters now points to – the amount of money in Salazar's possession, the half-smoked marijuana cigarette in the ashtray, the name of Salazar's business, and so on – was all learned after Salazar and his associates had been placed under arrest.[4] Obviously, information gained after the fact cannot furnish probable cause that was lacking at the time of the arrest. *See U.S. v. Trabucco*, 424 F.2d 1311, 1314 n.1 (5th Cir. 1970).

Thus, crediting the Plaintiff's version of events as true – as the Court is obligated to do at this stage of the proceedings – at the moment Salazar was arrested, Walters knew only that he had been transporting liquid fertilizer. In the absence of any indication that the fertilizer was to be used for an illicit purpose, no reasonable officer could have concluded that, simply by transporting it, Salazar had committed or was about to commit a crime. As there is a genuine issue of material fact as to whether any of the other information supporting a finding of probable cause was within Walters's knowledge at the time of the arrest, the motion must be denied.

---

[4] Salazar also disputes some of the points relied upon by Walters. For example, Salazar denies ever telling Walters that he was not the owner of the money he was carrying.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 48) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 27, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party