**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSUE SALAZAR,**

            **Plaintiff,**

-vs-                                           Case No. 6:09-cv-1934-Orl-31GJK

**CITY OF PALM BAY and FRANK WALTERS,**

            **Defendants.**

_____

## ORDER

      This matter comes before the Court on the Motion for Reconsideration (Doc. 61) filed by Defendant Frank Walters ("Walters") and the response (Doc. 73 filed by the Plaintiff, Josue Salazar. In the instant case, Salazar contends that he was arrested without probable cause, in violation of his rights under the Fourth Amendment. Walters seeks reconsideration of this Court's summary judgment order (Doc. 60), in which the Court concluded that Walters was not entitled to qualified immunity, in that he had not established that he possessed at least arguable probable cause at the moment he arrested Salazar.

      Walters contends that the Court "drew unreasonable inferences" from the evidence presented in his motion. More particularly, Walters contends that the Court drew an unreasonable inference that he was not aware of the names and types of the fertilizers and chemicals and electronic devices that were in the bed of the pickup truck at the time Salazar was placed under arrest. But the evidence pointed to by Walters is ambiguous at best. For example, in his "Narrative/Supplement Report" regarding the arrest (Doc. 47-1 at 8), Walters writes only that he

noticed "a large amount of chemicals and fertilizers in the bed of the pickup truck." He adds that "[t]here were several gallons of liquid chemicals, boxes of powder chemicals, and electronic devices ... that are known to me through my training and experience as items typically used for illegal hydroponic marijuana cultivation operations." (Doc. 47-1 at 8). The report does not include the names of the items at issue, and it is never made clear which items, exactly, he identified prior to making the arrest.

More importantly, even accepting that the types of items found in the pickup bed are often used to grow marijuana, there is nothing in the report that shows that *these particular* fertilizers, chemicals, and devices were going to be used to grow marijuana. So far as the record shows, these items were legal to purchase and possess. As such, despite the fact that a number of the items were suggestively named, no reasonable officer could conclude that their mere possession provided probable cause to make an arrest.

In consideration of the foregoing, it is hereby

**ORDERED** and **ADJUDGED** that the Motion for Reconsideration (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 24, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party