**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOSUE SALAZAR,**

    **Plaintiff,**

**v.**                                                      **Case No: 6:09-cv-1934-Orl-31TBS**

**FRANK WALTERS,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion for New Trial (Doc. 126) filed by the Plaintiff, Josue Salazar ("Salazar"), and the response in opposition (Doc. 128) filed by the Defendant, Frank Walters ("Walters").

## I.  BACKGROUND

In this Section 1983 case, Salazar alleged that he was wrongfully arrested by Walters. Salazar describes himself as being of "black and Hispanic ethnicity." (Doc. 126 at 1). Walters, the police officer, is white. The action was tried before a jury, which found in favor of Walters.

Salazar contends – and Walters does not dispute – that the available jury pool for that trial consisted of 20 jurors, of whom "seven were either Hispanic or Black (Caribbean-American and African-American)". (Doc. 126 at 1). Salazar further contends without dispute that three female black jurors were dismissed for cause before the parties utilized their peremptory strikes. (Doc. 126 at 1).

Counsel for Walters used one of his three peremptory strikes to remove another black female juror – Juror 5[1] -- from the panel. Salazar's counsel lodged a contemporaneous objection to the exclusion of Juror 5, but that objection was overruled. Salazar now complains that the striking of Juror 5 was improperly based on race, warranting a new trial.[2]

## II.   LEGAL STANDARD

Exclusion from jury service on account of race violates a prospective juror's constitutional right to equal protection under the laws, even when such exclusion is the act of a private citizen. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991).  An opposing litigant may raise the excluded person's rights on his or her behalf.  *Id.* at 629.  If the trial court decides that the facts establish, prima facie, purposeful discrimination, the attorney challenging the prospective juror's service must come forward with a neutral explanation for his or her action.  *See, e.g., Batson v. Kentucky*, 476 U.S. 79, 100 (1986).

## III.   ANALYSIS

Counsel for Walters utilized his first peremptory challenge on a black female juror, Juror 5, leaving only one black juror – Juror 9 – on the panel.  Counsel for Salazar, noting that two other African American jurors had been stricken for cause, objected to the challenge to Juror 5 "unless opposing counsel can show that it's done in a non-discriminatory fashion."  Defendant's counsel responded:

> Certainly, Your Honor.  The main reason I'm moving to strike is that she is neighbors and friends with [Juror 9], and I think that that gives us a lot of potential for problems there.  It has nothing to do with race.  You will recall that they spoke between themselves and were acknowledging that they were neighbors and that

---

1. In his papers, Salazar misidentifies the black female juror who was the subject of the Defendant's peremptory challenge as Juror 7.  However, a review of the transcript shows that Juror 7 served on the jury, while Juror 5 was excluded.

2. Salazar also asserts that counsel for Walters utilized a peremptory strike on a female Hispanic juror.  However, Salazar's counsel did not object to this peremptory strike at the time, and he does not argue that the striking of this juror is a separate basis for a new trial.

they had known each other for a long time.  That is the basis that I'm moving to strike.

Salazar's counsel then noted that Juror 9 was the other remaining African American juror, and counsel for Walters informed the Court that he did not intend to move to strike Juror 9.  With the understanding that counsel for Walters would not seek to have Juror 9 removed from the jury, the undersigned determined that Walters's attorney had presented a legitimate (though weak) non-discriminatory reason and had therefore met his burden under *Batson* and its progeny.

Salazar's counsel now complains that "[o]ne juror residing near another does not automatically create a bias worth removing a member of the jury pool." (Doc. 126 at 4).  But this was not the situation presented at this trial, as Juror 5 and Juror 9 were not merely neighbors, but friends.  Defense counsel's concerns arose from their relationship with one another, not their mere proximity.  Friends serving on the same jury at least arguably heightens the possibility of coercion or premature deliberation.  *See*, *e.g.*, *Winebrenner v. United States*, 147 F.2d 322, 328 (8th Cir. 1945) (noting, *inter alia*, that premature deliberation can result in jurors forming opinions before one side's case is heard, effectively shifting burden of proof).

Salazar has failed to show that Juror 7 was excluded for an improper reason.  Accordingly, it is hereby

**ORDERED** that the Motion for a New Trial (Doc. 126) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 15, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party