# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSUE SALAZAR,**

      **Plaintiff,**

**v.**                                                 **Case No:  6:09-cv-1934-Orl-31TBS**

**FRANK WALTERS,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for an Award of Costs and Attorney's and Expert Fees (Doc.125) filed by the Defendant, Frank Walters ("Walters") and the Motion to Alter or Amend Judgment to Remove Costs Award and Opposition to Defendant's Motion to Tax Costs and Attorney and Expert Fees (Doc. 127) filed by the Plaintiff, Josue Salazar ("Salazar").

Salazar filed this Section 1983 action on November 12, 2009.  After extensive motion practice -- including a motion for summary judgment on qualified immunity grounds that was denied by this court and on appeal – the matter was tried over the course of three days in August 2012.  The jury returned a verdict in favor of the Defendant, finding that he did not violate the Plaintiff's constitutional rights by arresting him without probable cause.  (Doc. 119).  On August 17, 2012, the Court entered judgment for Walters, with costs against Salazar.  (Doc. 124).  Walters now seeks to tax costs against Salazar in the amount of $18,078.42.  Walters also seeks an award of attorney's fees in the amount of $109,948.00 and expert fees in the amount of $9,676.75.  For

his part, Salazar challenges Walters's entitlement to costs *or* fees, and questions the amount of costs for which Walters seeks reimbursement.

The court may award attorney's fees under Section 1988(b) to a prevailing Defendant in a Section 1983 case where the court finds that the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449, U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Expert witness fees may also be awarded to a prevailing defendant in a Section 1983 case upon the same showing. 42 U.S.C. § 2000 e-5(k). However, I do not find this case to be frivolous, unreasonable or without foundation. This was a close case. It does not fall within the ambit of *Christiansburg Garment Co.* Accordingly, Walters's request for attorney's fees and expert witness fees will be denied.

Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties. That Rule provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Rule 54(d)(1). "Section 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Although this was a close case, I do not find it to be such a close and difficult case that costs should be denied to Walters, or that other factors such as the financial burden on Salazar warrant that result. That is not to say that Walters is entitled to recover all of the costs he now seeks. Section 1920 provides that

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Walters seeks to recover a total of $8,401.67. (Doc. 125-1 at 14). However, a number of the costs he seeks to recover are not permitted under 28 U.S.C. § 1920: postage ($84.21); Federal Express ($323.80); legal research ($2,983.58); certified copies ($168.00); "supplies for brief" ($18.71); courthouse parking for trial ($53.00); "Palm Bay Police Department/Certified Copies" ($1,191.17). Although there is some case law holding that the court may, under extraordinary circumstances, award costs outside of those set forth in 28 U.S.C. §1920, Walters has not shown that any such circumstances existed here. In addition, the Court finds no justification for three of the four process server fees for which Walters seeks reimbursement. Only the $55.00 process server fee for service on Officer Jeff Nickle will be permitted. The Court will also permit an award of the $1,745.80 Walters seeks for copies, the $1,347.15 sought for transcripts, and the $80.00 in witness fees.

> *$55.00*
> *$1,745.80*
> *$1,347.15*
> *  $80.00*
> *$3,227.95*
>
> Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion for an Award of Costs and Attorney's and Expert Fees (Doc.125) is **GRANTED IN PART AND DENIED IN PART** and the Motion to Alter or Amend Judgment to Remove Costs Award and Opposition to Defendant's Motion to Tax Costs and Attorney and Expert Fees (Doc. 127) **IS DENIED**.  Costs are taxed in favor of the Defendant, Frank Walters, in the amount of $3,227.95.  The Clerk is directed to enter judgment in favor of Walters in that amount.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 15, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party